ORIGINAL

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1287V
Filed: May 10, 2016

FILED
MAY 10 2016
OSM
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MARY CLARE SMITH, on behalf of C.L.S., | UNPUBLISHED |
| Petitioner, | Special Master Hamilton-Fieldman |
| v. | Dismissal for Failure to Prosecute; Dismissal for Insufficient Proof; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Kinrix Vaccine. |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DISMISSAL DECISION[1]

On October 30, 2015, Mary Clare Smith filed a petition for compensation on behalf of her son, C.L.S. ("Petitioner"), under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act"). Ms. Smith alleged that the Kinrix vaccine administered to C.L.S. on October 28, 2013 caused him to suffer from neurological injuries. The undersigned now finds that the information in the record does not show entitlement to an award under the Program.

On December 2, 2015, the undersigned held a telephonic status conference with Ms. Smith and Respondent's counsel, during which the undersigned noted the lack of documentation surrounding Petitioner's alleged injuries. Respondent indicated similar concerns and also expressed that the petition may be barred by the Statute of Limitations. The undersigned then strongly encouraged Petitioner to retain an attorney and provided a list of Vaccine Attorneys. Petitioner was ordered to file a status report by January 20, 2016 documenting her progress in retaining an attorney.

Since then, the undersigned made numerous attempts to contact Petitioner, all to no avail.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the purposes espoused in the E-Government Act of 2002. *See* 44 U.S.C. § 3501 (2012). Each party has 14 days to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

dismissed for failure to prosecute. The undersigned ordered Petitioner to file a status report by May 9, 2016. Petitioner has not yet responded.

To receive compensation under the Vaccine Act, Petitioner must prove either 1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or 2) that he suffered an injury that was actually caused by a vaccine. *See* 42 U.S.C. §§ 300aa-13(a)(1)(A), 300aa-11(c)(1) (2012). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain any persuasive evidence that Petitioner's injuries were caused by a vaccination.

Under the Vaccine Act, a petitioner may not be awarded compensation based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1). In this case, because the medical records are insufficient to establish entitlement to compensation, a medical opinion which incorporates the undersigned's findings regarding onset must be offered in support. Petitioner, however, has offered no such opinion.

Moreover, it is Petitioner's duty to respond to court orders. Failure to follow court orders, as well as failure to file medical records or an expert medical opinion, shall result in dismissal of petitioner's claim. *Sapharas v. Sec'y of HHS*, 35 Fed. Cl. 503, 505 (1996); *Tsekouras v. Sec'y of HHS*, 26 Cl. Ct. 439, 442-43 (1992), *aff'd per curiam*, 991 F.2d 810 (Fed. Cir. 1993); *see* Vaccine Rule 21(b).

In light of the above, the undersigned hereby DENIES this petition. **This case is dismissed for failure to prosecute and for insufficient proof. In the absence of a motion for review, the Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

Lisa D. Hamilton-Fieldman
Special Master